IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04848-PAB

JUAN DE JESUS TRIANA RODRIGUEZ,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

# ORDER

---

This matter comes before the Court on petitioner Juan de Jesus Triana Rodriguez's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1.

## I. Background[1]

Petitioner[2] is a native and citizen of Colombia who arrived in the United States without inspection in February 2023. Docket No. 1 at 5. He was released on an order of release on recognizance or an order of supervision. *Id.* On December 21, 2025, petitioner was detained by Immigration and Customs Enforcement ("ICE")

[1] Petitioner asserts various facts in the habeas petition. Docket No. 1. Respondent indicates that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 7 at 1. "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the well-pled facts from the habeas petition.

[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

officers following a traffic stop. *Id*. ICE officers did not show him a warrant. *Id.* Petitioner states that, to the best of his knowledge, he does not have a criminal record. *Id.* On May 19, 2026, an immigration judge ordered petitioner removed. *Id.* Petitioner appealed the order of removal, and his appeal is still pending. *Id.*

On September 29, 2026, petitioner filed a habeas petition. Docket No. 1. Petitioner asserts three claims, which he titles: (1) "unlawful arrest in violation of INA, implementing regulations, APA, and Fifth Amendment due process – unlawful revocation of order of release[;]" (2) "unlawful detention under INA 8 U.S.C. 1225b – no opportunity for bond[;]" and (3) "unlawful warrantless arrest in violation of the 4th Amendment." *Id.* at 2. For relief, he requests immediate release and to not be transferred while his case is being considered. *Id.* at 4.

On October 13, 2026, respondent filed a response. Docket No. 7. Respondent states that he is not "submitting a brief in opposition to the Petition detaining the facts and circumstances of this case." *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention. *Id.* at 1-2 (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, his detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). As noted above, petitioner alleges that he was arrested without a warrant and that he is therefore entitled to release. Docket No. 1 at 5. Respondent does not address petitioner's claim in the response. *See generally* Docket No. 7. Therefore, the Court finds that petitioner was not arrested pursuant to a valid warrant, in contravention of 8 U.S.C. § 1226(a).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases). Respondent does not provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. Accordingly, the Court finds that respondent lacked statutory authority to arrest petitioner and that petitioner's detention is thus unlawful. *See Morelos Valdovinos* , 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondent has failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Vo. v. Baltazar*, 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) ("[T]he Court respectfully disagrees that a bond hearing is an appropriate remedy when a petitioner is detained without the warrant required by § 1226(a)."); *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under

§ 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases)). Further, respondent agrees that if the petition is granted, the Court should order that petitioner be released. *See* Docket No. 7 at 1-2. Therefore, petitioner's application will be granted and the respondent will be ordered to release him.

## III. Conclusion

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge